**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1811-18T2

DARRELL B. BROWN,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
MORRIS COUNTY OFFICE
OF THE PUBLIC DEFENDER
and JOEL HARRIS, ESQ.,

     Defendants-Respondents.

_____

Argued February 3, 2020 – Decided March 3, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1538-16.

David Howard Kaplan argued the cause for appellant (David Howard Kaplan, of counsel and on the brief; Jeffrey Zajac, on the brief).

Bryan Edward Lucas, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Bryan Edward Lucas, on the brief).

PER CURIAM

Plaintiff Darrell B. Brown appeals from a Law Division order granting summary judgment dismissing his claims of legal malpractice and pain and suffering against defendants Joel Harris, Esq., and the State of New Jersey, Morris County Office of the Public Defender ("OPD"). The court ruled that Brown was unable to demonstrate the damages prong of his legal malpractice claim; in turn, his pain and suffering claim was rendered moot. We affirm.

I.

A Union County Grand Jury returned Indictment No. 04-07-7141 charging Brown with third-degree eluding, N.J.S.A. 2C:29-2(b). A Morris County Grand Jury returned two indictments. Indictment No. 04-12-1587 charged him with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (the simple possession count). Indictment No. 04-12-1523 charged him with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); and third-degree possession of CDS with intent to distribute within 1000 feet of a school property, N.J.S.A. 2C:35-7 (the school zone count).

In July 2005, Brown pleaded guilty to the eluding, simple possession, and school zone counts. He also pleaded guilty to two driving while intoxicated

charges, N.J.S.A. 39:4-50. The following month he was sentenced to three concurrent probationary terms. On the eluding count, Brown was sentenced to a three-year term of drug court probation with an alternative sentence of a five-year prison term. On the school zone count, Brown was sentenced to a five-year term of drug court probation with an alternative sentence of a ten-year prison term with a fifty-eight-month period of parole ineligibility. On the simple possession count, Brown was sentenced to a three-year term of drug court probation with an alternative sentence of a five-year prison term. The court also imposed required fines, penalties, and driver's license suspensions.

In June 2010, nearly one month before his expected graduation from drug court, Brown was arrested and charged with violation of probation (VOP) based on his admitted use of heroin and cocaine. Brown was represented on the VOP by Joel Harris, a "pool attorney" designated by the OPD. Brown pleaded guilty.

At the sentencing hearing, the court noted Brown's extensive criminal history that includes eleven prior indictable convictions and numerous prior disorderly persons offense convictions. He has been previously convicted of possession of CDS with intent to distribute. The court found aggravating factors three (risk of re-offense), six (prior criminal record), and nine (need for deterrence), N.J.S.A. 2C:44-1(a)(3), (6), and (9). The court also found

3

mitigating factor ten (likely to respond affirmatively to probationary treatment), N.J.S.A. 2C:44-1(b)(10), no longer applied.

Brown was terminated from drug court and resentenced on the school zone count to a five-year term subject to a twenty-month period of parole ineligibility. Brown was resentenced on the eluding count to a five-year prison term to run consecutively to the school zone count. Brown was resentenced to a concurrent five-year term on the simple possession count.

Although no one raised the issue during the sentencing hearing, the State acknowledges that the VOP sentences relating to the eluding and simple possession convictions violated the double jeopardy clause. Brown had already finished his three-year probation terms on those two convictions.

In contrast, Brown's VOP conviction on the school zone count was valid. Because of his prior conviction for possession of CDS with intent to distribute, Brown was eligible to be sentenced to an extended term of five to ten years pursuant to N.J.S.A. 2C:43-7(a)(4), and a mandatory period of parole ineligibility "at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater," pursuant to N.J.S.A. 2C:43-6(f). Accordingly, if Brown were sentenced to a five-year term on the school zone count, he would not have been eligible for parole for three years. N.J.S.A.

2C:43-6(f). If he were sentenced to a ten-year term, he would not have been eligible for parole for the first forty to sixty months.

In addition, Brown's sentence was subject to N.J.S.A. 2C:35-12, which requires the mandatory term with parole ineligibility be imposed unless the defendant pleads guilty pursuant to a negotiated plea agreement which provides for a lesser term or period of parole ineligibility. "In that event, the court at sentencing shall not impose a lesser term of imprisonment [or] lesser period of parole ineligibility . . . than that expressly provided for under the terms of the plea. . . . " N.J.S.A. 2C:35-12.

Despite the mandate of N.J.S.A. 2C:35-12, the court sentenced Brown to a five-year term subject to a twenty-month period of parole ineligibility on the school zone count, rather than imposing the alternate sentence set forth in the plea agreement. Brown, still represented by Harris, moved for reconsideration of the sentence on grounds other than the improper sentences on the two VOPs. Reconsideration was denied. Brown did not file a direct appeal from the sentence. Neither did the State.

Brown was paroled on March 15, 2012. His parole was subsequently revoked in September 2012 after he was accused of assaulting a drug treatment provider. Brown remained incarcerated until paroled again in April 2014.

A-1811-18T2

Brown's parole was revoked again in January 2015 after he relapsed while in drug treatment. Harris admitted the drug court should not have sentenced Brown to prison terms on those two VOPs.

On February 23, 2015, Brown filed a pro se petition for post-conviction relief (PCR). Counsel was appointed to represent Brown. In September 2015, the PCR court vacated the VOP sentences on the eluding and simple possession convictions because Brown had already completed the three-year probation terms on those charges in 2008. The PCR court did not modify the VOP sentence on the school zone count.

Brown filed this legal malpractice action in July 2016. In his complaint, Brown alleged legal malpractice (count one) and sought recovery for alleged pain and suffering related to emotional distress resulting from his incarceration under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3 (count two). Brown alleged the custodial sentences imposed for violating the two probationary terms that were already completed were illegal and "defendants failed to take the necessary legal action to address the sentencing errors." Brown claimed that he served custodial sentences that he would not have served but for

A-1811-18T2

defendants' negligence, causing him to suffer a substantial loss of liberty while serving the additional time in prison and on parole.[1]

Discovery was completed on June 4, 2018. Shortly thereafter, defendants moved for summary judgment. Defendants contended Brown could not establish that he sustained any damages resulting from the VOP sentences because Brown was sentenced to a shorter prison term than required by statute and under the terms of the plea agreement.

On December 7, 2018, the motion court issued an order and oral decision granting summary judgment dismissing the complaint. The court accepted as true, for purposes of the motion, that Harris failed to obtain and review the plea agreement forms and the transcript of Brown's 2005 sentencing hearing.

The motion court engaged in the following analysis. It was undisputed that an attorney-client relationship existed, and that Harris owed Brown a duty of care. For purposes of the motion, defendants accepted that attorneys "must provide . . . services with reasonable knowledge, skill, and diligence which includes undertaking a careful investigation of the facts of the matter,

---

[1] Notably, Brown's amended complaint did not include the TCA count. Brown did not move to further amend the complaint to restore the deleted TCA count.

A-1811-18T2

formulation of legal strategy, filing of appropriate papers, and maintenance of communication with a client."

The court explained Brown must demonstrate that he sustained "actual damages" proximately caused by Harris' negligence. Applied here, Brown must demonstrate that but for Harris' breach of duty, his VOP sentence "would have been less than the one he received," quoting Cortez v. Gindhardt, 435 N.J. Super. 589, 605 (App. Div. 2014). The motion court concluded Brown failed to do so.

It noted Harris did not represent Brown in 2005. Based on the numerous charges he initially faced, Brown faced a maximum exposure of a thirty-year aggregate extended range sentence subject to a ten-year period of parole ineligibility. The court stated Brown's defense counsel at the time negotiated "the best possible outcome," a drug court probationary sentence. To secure that outcome, plaintiff entered into a plea agreement that included an alternative sentence of an extended ten-year term subject to fifty-eight months of parole ineligibility on the school zone count, as mandated by N.J.S.A. 2C:43-6(f) and N.J.S.A. 2C:43-7(a)(4), due to Brown's prior conviction for possession of CDS with intent to distribute in a school zone. He was also eligible to be sentenced as a persistent offender to an extended term.

The court further found Harris said nothing to correct the prosecutor's misstatements during the VOP sentencing. However, Brown's expert did "not and [could not] assert that the recommended [alternative] sentence was illegal" based on Brown's prior conviction. Nor did Brown's expert dispute that the State could have moved for, and the court could have granted, a mandatory ten-year sentence subject to fifty-eight months of parole ineligibility on the school zone count. Instead, Brown's expert opined the court lacked authority to impose the mandatory extended term that the State never sought. The expert concluded that Harris' failure to address this issue was malpractice because, absent such advocacy, we will never know what the sentencing court would have done.

The motion court concluded the correct basis for the longer prison term was enforcement of the mandatory extended term, not imposition of a consecutive term on the eluding count. It likened this to a Catch-22 situation "that all centers on speculation." It noted Harris said "nothing" at the sentencing hearing because he realized the sentencing court issued a sentence that was "significantly shorter than the one contemplated in the plea agreement." Finding that Brown's expert's opinion is premised on speculation, the motion court determined that no rational juror could conclude that Brown suffered damages as a result of Harris' failure to address the sentencing issue. Most significantly,

9

it found Brown could not demonstrate that his sentence "would have been less than the one he received," quoting Cortez, 435 N.J. Super. at 605. Moreover, because the sentence was mandatory, the sentencing court was "required" to impose a ten-year, must serve fifty-eight-month sentence.

As to the TCA claim premised upon emotional distress, the motion court noted that count was not included in the amended complaint plaintiff filed. Therefore, although it could not determine whether there were disputed issues of material fact as to emotional distress damages, or the TCA's verbal threshold, by dismissing the malpractice claim the court determined it need not reach the emotional distress claim. This appeal followed.

Plaintiff advances the following arguments on appeal:

> Point I:
>
> IN HOLDING THAT THE PLAINTIFF FAILED TO DEMONSTRATE A PRIMA FACIE CASE OF LEGAL MALPRACTICE, THE LAW DIVISION COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS.
>
> A. The Plaintiff Established a Prima Facie Case of Legal Malpractice.
>
> B. The Tenor of the VOP Sentencing Hearing Would Have Been Fundamentally Different If Harris Had Informed the Court That There Was Only One and Not Three VOP Violations Before It.

C. The Law Division's Reasoning In Support of Its
Decision Was Untenable and Without Support.

## II.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). "[W]hen reviewing summary judgment motions, we must view the 'evidential materials . . . in the light most favorable to the non-moving party.'" Puder v. Buechel, 183 N.J. 428, 440 (2005) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). We apply these well-settled principles to this appeal.

The governing law of legal malpractice is likewise well-established. Legal malpractice suits are grounded in the tort of negligence. McGrogan v. Till, 167 N.J. 414, 425 (2001) (citations omitted). In order to survive summary

11

judgment, Brown had to demonstrate that his legal malpractice claim was viable. Cortez, 435 N.J. Super. at 598. To establish legal malpractice, a claimant must demonstrate that (1) an attorney-client relationship creating a duty of care existed, (2) the duty was breached, (3) the breach proximately caused damages, and (4) actual damages were incurred. Ibid. (quoting Sommers v. McKinney, 287 N.J. Super. 1, 9-10 (App. Div. 1996)). A lawyer is obligated "to exercise that degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess and exercise." St. Pius X House of Retreats v. Diocese of Camden, 88 N.J. 571, 588 (1982).

"Actual damages . . . are real and substantial as opposed to speculative." Cortez, 435 N.J. Super. at 603 (quoting Grunwald v. Bronkesh, 131 N.J. 483, 495 (1993)). Damages must be supported by more than "conjecture, surmise or suspicion." 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 488 (App. Div. 1994) (quoting Long v. Landy, 35 N.J. 44, 54 (1961)).

"Ordinarily, the measure of damages is what result the client would have obtained in the absence of attorney negligence." Cortez, 435 N.J. Super. at 604 (citing 2175 Lemoine Ave., 272 N.J. Super. at 488)). "Therefore, the client bears the burden of showing, by a preponderance of the competent, credible evidence, 'what injuries were suffered as a proximate consequence of the

attorney's breach of duty.'" Ibid. (quoting 2175 Lemoine Ave., 272 N.J. Super. at 488). "Thus, to prove such injury, 'the client must demonstrate that he or she would have prevailed, or would have won materially more . . . but for the alleged substandard performance." Ibid. (alteration in original) (quoting Lerner v. Laufer, 359 N.J. Super. 201, 221 (App. Div. 2003)).

Brown "was required to demonstrate that the missed opportunity had actual value." Id. at 604-05. He bore the burden to show that the court would have imposed a more favorable aggregate sentence than the one he received. See id. at 605. The motion court correctly concluded he failed to do so.

To defeat the motion for summary judgment, Brown had to "come forward with evidence that creates a genuine issue of material fact." Ibid. (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)); see R. 4:46-2. "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. (quoting R. 4:46-2(c)). "Competent opposition requires competent evidential material beyond mere speculation and fanciful arguments." Ibid. (internal

quotation marks omitted) (quoting Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009)).

Here, Brown provided no evidence that the sentencing court would have imposed a lesser aggregate sentence if Harris had argued that the probationary terms on the eluding and simple possession counts had expired. Rather, Brown speculates that he would only have received the five-year, must serve twenty months sentence on the school zone count. We are unpersuaded by this argument.

Brown ignores the fact that the negotiated alternative sentence on the school zone count was a ten-year term with a fifty-eight-month period of parole ineligibility. Brown argues that the sentencing court could not impose the alternate extended sentence because it did not formally move to do so at sentencing. We disagree.

A defendant sentenced for third-degree possession with intent to distribute a CDS in a school zone, "who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a [CDS] or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term." N.J.S.A. 2C:43–6(f). Defendant does not dispute he was extended-term eligible; rather, he bases his argument

14

on the N.J.S.A. 2C:43-6(f) requirement that the prosecuting attorney make a formal application for the extended-term sentence.

Rule 3:21-4(e) provides that a motion for an extended term of imprisonment pursuant to N.J.S.A. 2C:43-6(f) shall be filed by the State within fourteen days of the entry of the defendant's guilty plea or return of the verdict. The Rule also provides:

> Where the defendant is pleading guilty pursuant to a negotiated disposition, the prosecutor shall make the motion at or prior to the plea. If the negotiated disposition includes the recommendation of an extended term, the prosecutor's oral notice and the recordation of the extended term exposure in the plea form completed by defendant and reviewed on the record shall serve as the State's motion.
>
> [R. 3:21–4(e).]

Here, defendant accepted the State's plea offer under which the State recommended a five-year special probationary term in drug court and an alternative extended-term ten-year custodial sentence with a fifty-eight-month period of parole ineligibility on the school zone count. The plea form defendant signed included the State's sentencing recommendation. Moreover, defendant was advised during his plea hearing that he would receive special drug court probation and the alternate custodial sentence.

15

The State's communications during the plea process and hearing, coupled with the information contained in the plea form, constituted the State's application for an extended term.  R. 3:21-4(e).  We are satisfied that imposition of an extended-term sentence would have been in accordance with law because the State made an application for an extended-term sentence as required under N.J.S.A. 2C:43-6(f).  Defendant's alternative sentence, therefore, was not illegal.  See State v. Acevedo, 205 N.J. 40, 45 (2011) ("an illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law'") (quoting State v. Murray, 162 N.J. 240, 247 (2000))).

The State was not required to file a new application for an extended-term sentence under N.J.S.A. 2C:43-6(f) following defendant's plea to the violation of his special drug court probation. The custodial sentence of ten years with a fifty-eight-month period of parole ineligibility was properly included as an alternative sentence to his special drug court probation.  State v. Bishop, 429 N.J. Super. 533, 551-52 (App. Div. 2013), aff'd, 223 N.J. 290 (2015). "[M]andatory periods of parole ineligibility and mandatory extended term provisions that existed at the time of original sentencing survive during the term of special probation and remain applicable at the time of resentencing upon

permanent revocation of special probation." Id. at 536. Following Brown's plea to the VOP, and the permanent revocation of his special drug court probation, "[t]he court had the authority to impose any lawful sentence not to exceed that recommended as an alternative in the plea agreement." Id. at 551; N.J.S.A. 2C:35-14(f)(4).

Moreover, as previously explained, Brown's sentence was subject to N.J.S.A. 2C:35-12, which prohibited sentencing Brown to "a lesser term of imprisonment [or] lesser period of parole ineligibility . . . than that expressly provided for under the terms of the plea."

The alternative sentence is significantly harsher than the aggregate sentence Brown received. Brown received an aggregate ten-year term subject to a twenty-month period of parole ineligibility on the school zone count. He thus had to serve forty months before becoming eligible for parole, comprised of twenty months on the school zone count and twenty months on the eluding count. See N.J.S.A. 30:4-123.51(a) ("Each adult inmate sentenced to a term of incarceration . . . shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or one-third of the sentence imposed where no mandatory minimum term has been imposed . . . .").

The alternative mandatory minimum sentence on the school zone count was a ten-year term subject to fifty-eight months of parole ineligibility. The parole ineligibility period is eighteen months longer. In addition, commutation time for good behavior pursuant to N.J.S.A. 30:4-140, and work credits pursuant to N.J.S.A. 30:4-92, "shall only be awarded subsequent to the expiration of the [mandatory minimum] term." N.J.S.A. 30:4-123.51(a). Therefore, Brown would not have been eligible for such credits for an additional eighteen months if the alternative sentence was imposed.

Brown has presented no evidence to demonstrate that he would have received a more favorable aggregate sentence if Harris objected to the sentences imposed on the eluding and simple possession counts. He likewise has not demonstrated that he would have received a more favorable sentence if he had filed a direct appeal. Indeed, had Brown appealed his sentence, this court would have reversed the illegal sentence imposed on the school zone count, and remanded, directing the sentencing court to impose the mandatory minimum extended sentence for that offense.[2] Moreover, the State would likely have

_____

[2] An illegal sentence may be corrected at any time. State v. Tavares, 286 N.J. Super. 610, 617 (App. Div. 1996). Although the parties did not raise this issue before the sentencing court, "a reviewing court is not free to ignore an illegal sentence," State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 2005) (citing

objected during the sentencing hearing if the consecutive sentence on the eluding counts were not imposed. Further, the State was free to appeal from the illegal sentence at any time before Brown completed his sentence. State v. Schubert, 212 N.J. 295, 310-11 (2012); R. 3:21-10(b).

For these reasons, Brown is unable to demonstrate that he would have received a lesser aggregate sentence if Harris had informed the sentencing court that Brown could not be sentenced for the VOPs on the eluding and simple possession counts. Nor can Brown demonstrate that he would have served less actual prison time before being paroled. Thus, Brown's legal malpractice claim rests upon an alleged injury "that is based upon mere speculation, and was correctly dismissed." Cortez, 435 N.J. Super. at 607.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

State v. Flores, 228 N.J. Super. 586, 594 (App. Div. 1988)), and should correct it, Tavares, 286 N.J. Super. at 617.

19                                                                              A-1811-18T2